WALDO VS. RICE and others.

The statute of limitations does not begin to run against the right of a mortgagor to bring an action to redeem, until the mortgagee has taken possession, nor so long as the mortgagee, being in possession, admits that he holds as mortgagee, and expressly recognizes the mortgagor's right of redemption.

APPEAL from the Circuit Court for *Milwaukee* County. This was a bill to redeem mortgaged premises, filed on the 2d of February, 1856. It alleged that the mortgage was executed by one Willard on the 3d of February, 1836, to secure the payment of $400, with interest, on the 13th of the same month; that the mortgaged premises were woodland and uncleared and unoccupied until 1848, when the mortgagee put tenants into the actual occupation of them; and that the defendant *Lutia Ann Rice*, who had intermarried with the defendant *James P. Rice*, had become the owner of the mortgage. It further alleged that the successive owners of the mortgage had collected a large amount of rents and profits from the land, the precise amount of which the complainant could not state; that they had also committed waste by cutting timber from the land, by which its value had been diminished $2000; that the complainant (who had purchased the land, subject to said mortgage, in October, 1855) did not know what part of the mortgage debt, if any, had been paid; and that he had always been and still was willing to pay the amount which might be found due on the mortgage. The bill contains an offer to pay the amount so due, when and where the court should direct, and alleges that in November, 1855, an agent of the plaintiff went to the house of said *James P.* and *Lutia Ann Rice*, and offered on his behalf to said *James P.* to pay the whole of said mortgage debt to said *Lutia Ann;* that thereupon said *James P.*, assuming to act in behalf of himself and of said *Lutia Ann*, promised to reckon up the amount due on said mortgage, and to go with said *Lutia Ann* to the office of said agent in the city of Milwaukee, during the next week, and settle said mortgage debt, and receive from said agent the sum then due; that neither

of said defendants went to the office óf said agent at the time appointed or at any other time, but on the contrary, within a day or two after such appointment was made, suddenly absented themselves from their residence, and from that time till the commencement of the suit had concealed themselves, for the purpose of preventing the plaintiff from paying up said mortgage debt; that the plaintiff had visited the residence of the defendants for the purpose of paying said mortgage debt, and actually tendered payment of the full amount of principal and interest, in gold coin, at the door of their residence, but said door was closed, and no person could be found about the premises to receive it. Prayer, that an account may be taken of what is due on the mortgage, and that the plaintiff may be allowed to redeem, &c.

The defendants *James P.* and *Lutia Ann Rice* demurred to the bill on the grounds, 1. That it appeared from it that more than ten years had elapsed since the right of the complainant and his grantors to redeem the land had accrued, and that the right to file a bill for that purpose was barred by the statute of limitations. 2. That there was no allegation in the bill of an offer to *Lutia Ann Rice* to pay the money, or of a demand for an account. 3. That it was nowhere alleged that said *James P. Rice* was an agent in fact of said *Lutia Ann Rice*, or that she held him out to the world as such.

The circuit court overruled the demurrer, and the defendants appealed.

*James S. Brown*, for appellants:

Under our statutes, a suit of this kind is barred in ten years from the time *when the cause of action accrued.* Ter. Stat., 1839, p. 263, §§ 37–40; R. S., 1849, p. 644, secs. 24–27. This statute is applicable because the only remedy is in chancery. *Tallman vs. Ely*, 6 Wis., 244; *Stark vs. Brown*, 12 Wis., 572. That the limitation begins to run from the time of the legal forfeiture of the estate, is not only clear from the language of the statute, but is also in accordance with the decisions of this court in *Fullerton vs. Spring*, 3 Wis., 667; *Parker vs. Kane*, 4 id., 1. See also *Spoor vs.*

*Wells*, 3 Barb. Ch. R., 199, and *Cleveland Ins. Co. vs. Reed*, 24 How. (U. S.), 284. The mortgagor may maintain a bill to redeem at any time after a forfeiture of his legal estate by non-payment, although himself in possession. Under a contrary doctrine, before the statute took away from the mortgagee the right to bring an action of ejectment to obtain possession of the premises after condition broken, the mortgagor would have been compelled to wait until actually ousted by an ejectment before he could ask a court of equity to let him pay his debt and relieve himself from annoyance. 2. After forfeiture the mortgagee has, as against the mortgagor, the entire estate. 24 Miss., 368; 13 Peters, 298; 17 Mass., 419; 5 Pick., 233; 16 How., 580; 2 Johns., 75; 2 Caines' R., 144; Doug., 21; 3 Denio, 344; 18 Penn. St., 394; 7 Blackf., 210; 21 Ala., 497; *Tallman vs. Ely*, and *Stark vs. Brown*, *supra*. The mortgagee will be considered the owner of the legal estate whenever necessary to protect his interest. 3. Where lands are entirely unoccupied and uninclosed, the constructive possession follows the legal title. It follows that in this case the mortgagee must be regarded as having had possession of the premises in question from the time of forfeiture, or much more than ten years before the commencement of this action. 4. Courts of equity are not bound to enforce stale claims; but whenever, from length of time or other circumstances, it is manifestly inequitable to entertain a suit, they will dismiss it. Ambler, 645; 3 Hare, 847; 1 How. (U. S.), 161; 9 Peters, 416; 2 Story's Eq. Jur., § 1519, note 4. 5. The bill does not allege that any tender of payment was made to *Lutia Ann Rice*, the holder of the mortgage, nor does it state that her husband was in fact her agent, but only that he assumed to be.

*Waldo, Ody & Van*, for respondent:

1. In the case of a bill to redeem, the cause of action accrues when the mortgagee enters after condition broken, takes actual, open and notorious possession of the land, and continues such possession without accounting with the mortgagor or acknowledging the relation of mortgagor and mortgagee. *Moore vs. Cable*, 1 Johns. Ch. R., 385; *Demarest vs. Wynkoop*, 3 id., 136; *Knowlton vs. Walker*, 13 Wis., 264.

2. This is a cause of action where there is a concurrent ju-
risdiction in the courts of common law and courts of equity,
and the action is not barred until the lapse of *twenty* years.
R. S., 1849, chap. 127, sec. 24. The mortgagor, after condi-
tion broken, in order to recover possession of the land, may
either tender the amount due and then bring ejectment, or
file his bill to redeem, and offer to pay under the direction
of the court. A mortgage is a personal interest merely, and
as to that courts of law and of equity, do not disagree. *Run-
yan vs. Mersereau*, 11 Johns., 534; 11 Wend., 538; 21 N.
Y., 363-4, and cases there cited. Either payment or tender
of the money due on a mortgage, at any time before fore-
closure, discharges the lien, even though made after the law
day, and not kept good. *Jackson vs. Crafts*, 18 Johns., 110;
*Farmers' Ins. Co. vs. Edwards*, 21 Wend., 467; *Same Case*,
26 id., 541; *Arnot vs. Post*, 6 Hill, 65; *Kortright vs. Cady*,
21 N. Y., 343. This is similar to the rule in regard to a mort-
gage or pledge of chattels, that after payment of the debt, or
after the mortgagee has sold enough of the property to make
his debt, the mortgagor or pledgor may recover the remain-
ing goods in replevin, or the value of them in trover. 10
Wend., 374; *Coggs vs. Barnard*, 2 Ld. Ray., 909; Comyn's
Dig., "Mortgage," A, and cases there cited; *Charter vs. Ste-
vens*, 3 Denio, 33; *Emmons vs. Dowe*, 2 Wis., 322, 360-2.
The decisions of this court in 6 Wis., 32, and id., 356, that
the mortgagor could not recover in ejectment against the
mortgagee, who had lawfully and peaceably obtained posses-
sion after condition broken, were expressly made to turn
upon the fact that the *mortgage debt was not paid*. Tender is
equivalent to payment as to all things that are collateral and
accessorial to the debt. *Kemble vs. Wallis*, 10 Wend., 374;
3 Johns. Ch. Cases, 243; 12 Johns. R., 274; 6 Wend., 22;
6 Cow., 728; *Coggs vs. Barnard*, and *Kortright vs. Cady*,
*supra*.

*By the Court*, PAINE, J. The only question in this case
is, whether an action to redeem from a mortgage is barred
because not brought within ten years from the time the
mortgage debt became due, though it was brought within

ten years after the mortgagee, or those under him, took possession. This court has already held that the statute does not run against the right to redeem before the mortgagee takes possession. *Knowlton vs. Walker*, 13 Wis., 264. It would seem also by the authorities, that it is not the possession merely, but the nature of that possession, which determines the right; and that even though the mortgagee be *still* in possession, still if he admits that he holds only as such, and does any act unqualifiedly recognizing the mortgagor's right of redemption, the statute runs only from that date. 2 Hilliard on Mort., chap. 37, sec. 31, et seq.; *Robinson vs. Fife*, 3 Ohio St. Rep., 561.

It was strenuously urged by the appellants' counsel, that the cause of action accrues in such cases whenever a forfeiture occurs, or in other words, whenever the mortgage debt becomes due; and that it was a direct violation of the language of the statute to allow an action to redeem to be sustained, when not commenced until after the expiration of ten years from that time. The mortgagor would certainly have no occasion to redeem so long as he was left in possession and undisturbed by the mortgagee, even if he had the right. But even if, strictly speaking, the cause of action accrues when the debt becomes due, the authorities seem to have fully settled that the statute does not run until possession taken, or so long as the mortgagee expressly recognizes the right of redemption in the mortgagor. This result is analogous to the effect given at law to a partial payment or other unqualified admission of a debt, which is held to take it out of the statute. And whether or not it is liable technically to the objections urged, we do not feel at liberty to disturb the decisions upon the point. The cases of *Fullerton vs. Spring*, 3 Wis., 667, and *Parker vs. Kane*, 4 id., 1, not relating to mortgages, cannot be held to conflict with or impair the special rule established in respect to them.

The order overruling the demurrer to the complaint is affirmed, with costs.