## SALT LAKE INVESTMENT CO. v. FOX.

No. 1767. Decided May 28, 1907 (90 Pac. 564).

1. ADVERSE POSSESSION—CHARACTER OF POSSESSION. Possession, to
   be adverse must not only be under claim of right, but hostile to
   and inconsistent with the possession or right of possession of the
   true owner.

2. SAME. Possession under a tax sale certificate is, during the period
   of redemption, an admission that the possession is subject to the
   owner's right of redemption, and is not adverse to the true owner.

APPEAL from District Court, Third District; C. W.
Morse, Judge.

Action by the Salt Lake Investment Company against Jesse M. Fox. From a judgment for plaintiff, defendant appeals.

REVERSED, AND NEW TRIAL GRANTED.

*Cyrus G. Gatrell* and *B. F. Johnson* for appellant.

*C. S. Patterson* for respondent.

### APPELLANT'S POINTS.

The findings in relation to adverse possession are not supported by the pleadings, and in this respect there is a material variance between the pleadings and findings, and such findings are nugatory and should be disregarded. (*Maynard v. Insurance Co.*, 14 Utah 458; *Loofbourow v. Hicks*, 24 Utah 49; *Sowles v. Clawson*, 28 Utah 74.)

It is manifest, then, that Moon's possession was not hostile in its inception. It began in subservience to the interest and title of Burke, and with the expectation of acquiring the complete legal title of Burke by deed. Moon did not enter the land claiming title, exclusive of any other right, because he well knew that the title was still in Burke and would so remain until the period of redemption had expired. (*Ives v. Beeler*, 9 Kan. App. 892, 59 Pac. 726, 27 Am. & Eng. Enc. Law [2nd Ed.], 982, and cases cited.)

Sale for taxes for 1895 was made to E. Martin, and for taxes for 1896 to M. C. Moon. The law is well settled that a purchase at tax sale is not a payment of taxes. (*Irving v. Plownell*, 11 Ill. 402; *Wetting v. Bowman*, 47 Ill. 17; *McDonald v. McCoy*, 121 Cal. 55, 53 Pac. 421.)

"An offer, by an occupant of land which he is holding adversely, to purchase it from the true owner, within the statutory period, not made to settle any real or threatened litigation, is a recognition of the owner's title, and will interrupt the running of the statute." (*Litchfield v. Sewell*, 68 N. W. 104; *Lovell v. Frost*, 44 Cal. 471.)

"The plaintiff may, under an allegation of ownership and the right of possession, show adverse possession without alleging adverse possession as the source of his title." (13 Encl. Pl. & Pr. 284.)

So well settled does the rule seem to be that the text-writer for once finds no exceptions to cite. A few of the many cases that might be cited in support of the rule as laid down by the text-writers are as follows: *Millett v. Lagomarsino* (Cal.), 38 Pac. 308; *Fudecker v. Irrigation Co.*, 109 Cal. 29, 41 Pac. 1024; *Meyer v. Weigman,* 45 Iowa 579; *Sullivan v. Dunphy,* 4 Mont. 499; *Zeilin v. Rogers,* 21 Fed. 103.

The Utah cases cited by counsel for appellant are easily distinguishable from the case at bar, and we call the attention of the Court to those cases. (*Coleman v. Hines,* 24 Utah 360.)

McCARTY, C. J.

Plaintiff brought this action to quiet title to all of lots 25 to 36, in block 2 of South Lawn addition to Salt Lake city. The answer denies plaintiff's ownership to the lots, and alleges the title and right of possession thereof to be in the defendant.

It is admitted that the record title to the lots in question is in the defendant. Plaintiff, however, claims title by adverse possession. The facts upon which plaintiff (respondent here) bases its claim of title by adverse possession are as follows: On January 4, 1896, the lots in question were sold for taxes to E. Martin, who received a tax sale certificate therefor. On December 31, 1896, Martin assigned the tax-sale certificate to M. C. Moon. On February 3, 1897, the lots were again sold for taxes, and A. T. Moon, acting as the attorney and agent for M. C. Moon, his mother, bid in the lots for her and received a tax sale certificate issued in her name. In the spring of 1897, A. T. Moon, as agent for M. C. Moon, took possession of the lots under the tax-sale certificate mentioned, and leased them to one Souther, who farm-

ed and cultivated the property from year to year until 1906. On July 5, 1898, M. C. Moon received a tax deed for the lots; but plaintiff does not rely upon this deed as a muniment of title. It was offered and admitted in evidence only for the purpose of "showing the claim that M. C. Moon had to the property and to the fact that she paid taxes in 1895." On April 27, 1901, M. C. Moon conveyed by warranty deed the lots in question to Lillian M. Moon, who, on June 6, 1904, conveyed them by warranty deed to the plaintiff. A. T. Moon testified: "I claimed title partly under these certificates. . . . I was renting my office from the Groesbecks, and they told me that this property would never be redeemed, and that I would own it, and acting on their advice, as they were the former owners of the property, I considered I owned the property." And he further testified: "I based my claim of ownership on the tax titles, and the possession, and the assurances of the former owners." The court, among other things, found: "That the possession of the plaintiff and its grantors has been open, continuous, peaceable, and adverse to all persons for a period of more than seven years prior to the commencement of this action." Judgment was accordingly entered in favor of plaintiff quieting its title in the lots mentioned, as against the defendant. To reverse this judgment defendant has appealed to this court.

The rule is elementary that possession, to be adverse, must not only be under claim of right, but hostile to and inconsistent with the possession or right of possession of the true owner. (1 A. & E. Ency. L. [2d Ed.], 789; 1 Cyc. 1026.) Under the statutes of this state in force at the time of the first tax sale (January 4, 1896), the owner of the lots in question had a right to redeem them at any time within two years from the date of sale. The law then in force was repealed April 5, 1896, and the time for redemption of real estate sold for taxes extended to four years. Therefore the possession of the plaintiff and its grantors of the lots during the period of redemption was not adverse, but subject to and consistent with the title of defendant and his grantors. The

fact that Moon went into possession under and by virtue of the tax sale certificate was, in effect, an admission on his part that he held the property subject to the owner's right of redemption. (*Pease v. Lawson,* 33 Mo. 35; *McKeighan v. Hopkins,* 14 Neb. 361, 15 N. W. 711; *Bowman v. Wettig,* 39 Ill. 416.)

We are of the opinion, and so hold, that the evidence is insufficient to support the finding, and the judgment based thereon, that respondent acquired title to the premises in question by adverse possession.

The cause is reversed, with directions to the lower court to grant a new trial; costs of this appeal to be taxed against respondent.

STRAUP and FRICK, JJ., concur.