[File No. 6742.]

PHILIP MESSER, Respondent, v. EVA HENLEIN, Executrix, et al.

A. R. SCHATZ, Appellant.

(4 NW(2d) 587.)

Opinion filed June 13, 1942.

*Joseph Coghlan,* for appellant.

*Otto Thress,* for respondent.

BURKE, J. Plaintiff brought this action to determine adverse claims to a tract of land in Stark county. The complaint is in the statutory form. The defendant Schatz answered alleging a title superior to that of the plaintiff. Plaintiff's claim of title was based upon a deed from Stark county which in turn rested upon a tax deed to the county. The answering defendant's claim arose upon a contract for deed from the owner of the record title. The evidence taken at the trial disclosed that the defendant Schatz made his contract for the purchase of the property in 1925; that at that time he entered into possession of the land and has ever since been in continuous possession thereof and that no notice of expiration of redemption from the sale of said land at tax sale was ever served upon him. The trial court entered an interlocutory judgment declaring the tax deed of the premises to Stark County to be null and void but nevertheless requiring the defendant to pay to the plaintiff the amount of money he had paid the county for the property, within fifteen days after notice of entry of the judgment and providing that in the event of the defendant's failure to make such payment, final judgment should be entered quieting title to said premises in the plaintiff. Thereafter the time within which the defendant might perform the conditions of this judgment was extended upon defendant's application. Despite the extension, defendant failed to make the required payment, and final judgment was entered quieting title to the

land in the plaintiff. Defendant appealed from that judgment and demanded a trial de novo in this court.

Plaintiff has moved to dismiss the appeal upon the ground that defendant's application for an extension of time to comply with the interlocutory judgment constituted an acquiescence therein and also in the final judgment which was entered in accordance with its terms. Before entering upon a consideration of the merits we shall first dispose of this motion.

As a general rule acquiescence in a judgment is a waiver of the right to appeal therefrom. 4 CJS 396. However in order to constitute an estoppel or waiver of the right to appeal from a judgment, a party's "acquiescence therein must have been unqualified and the benefits received by him as a basis for estoppel must have been substantial." Willbur v. Johnson, 32 ND 314, 155 NW 671. See Tyler v. Shea, 4 ND 377, 61 NW 468, 50 Am St Rep 660; Williams v. Williams, 6 ND 269, 69 NW 47; Tuttle v. Tuttle, 19 ND 748, 124 NW 429. In this case defendant's act, which plaintiff claims constitutes an estoppel or waiver, was merely an application for time in which to perform a condition which would prevent the entry of the judgment from which he has appealed. It is true that the making of the application evidenced an intent on defendant's part to comply with the interlocutory judgment, if possible, and that as a result of the application he received the benefit of additional time within which to make compliance. Defendant's ineffectual attempt, however, to make the required payment to the plaintiff was at most a conditional acquiescence in the interlocutory judgment. It was not in any degree an acquiescence in the judgment which divested him of his title, the judgment from which he has appealed. The motion to dismiss the appeal is therefore denied.

Upon the merits, the sole question is whether or not it was error for the trial court to direct the entry of judgment quieting title to said property in the plaintiff, upon defendant's failure to pay to the plaintiff the amount he had paid to the county for his deed, where the undisputed evidence disclosed that the proceedings by which the county acquired title were defective in that no notice of expiration of redemption from the tax sale had ever been served upon the defendant who was the person

in possession of the land. The county's tax deed was acquired pursuant to the provisions of § 2202 Supplement to Compiled Laws of 1913 as amended by chapter 235 Laws of N. D. 1939, subsection 3 of which provides:

"It shall be the duty of the county auditor on or before the first day of June of each year to give notice of the expiration of the period of redemption as to all tracts of real estate on which the period of redemption will expire on October 1st following. Such notice shall be given:

"First: To the record title owner.

"Second: To the person in possession thereof.

"Third: Such notice shall also be given to mortagees, lien holders and other persons interested therein as may appear from the records of the register of deeds and clerk of the district court of said county."

This court has held on many occasions that a tax deed issued without strict compliance with the statutory requirements as to the service of notice of expiration of redemption is void. Blakemore v. Cooper, 15 ND 5, 106 NW 566, 4 LRA (NS) 1074, 125 Am St Rep 574; David-son v. Kepner, 37 ND 198, 163 NW 831; Baird v. Zahl, 58 ND 388, 226 NW 549; Biberdorf v. Juhnke, 59 ND 1, 228 NW 233. In Cruser v. Williams, 13 ND 284, 100 NW 721, this court said: "The redemption period does not terminate, or the certificate of sale mature, or title pass, until the statutory notice of the expiration of redemption has been given." It is thus clear that the issuance of a tax deed to Stark county of the property here in suit did not operate to cut off defendant's right of redemption nor vest title in the county. It also follows that plaintiff acquired no title to the property for his grantor could not convey that which it did not possess.

Plaintiff asserts however, that even though his deed be void, it is prima facie evidence of title and that defendant may not be permitted to protect his conceded interest in the property or demonstrate the complete invalidity of plaintiff's deed without first paying to plaintiff, not the amount that would be required to redeem from the tax sale, but the full amount which plaintiff had paid to the county for his deed. Plaintiff chiefly rests his contention upon that part of chapter 235, Laws of N. D. 1939 which reads as follows: "Whenever in any action at law

or in equity, the validity of any such tax deed is questioned, upon the pleadings or otherwise, such action shall not proceed until the party assailing such deed shall within such time as the court shall deem reasonable deposit in court for the benefit of the party claiming thereunder, an amount equal to the sum paid by said party to the county for the purchase of the property covered by the tax deed together with costs and disbursements of the action then incurred by the party claiming under such deed."

Plaintiff also relies upon the often-stated equitable principle that he who seeks equity must do equity. Because we have come to the conclusion that the statutory provision above quoted is no more than an application of this equitable principle and because a consideration of the application or nonapplication of the principle to the facts of this case points the way to what we think is a proper construction of the statute, we shall speak of this phase of the case first.

In support of his position plaintiff has cited many cases both from this court and other courts wherein it has been decided that one who invokes the equitable jurisdiction of a court to cancel a tax deed must first reimburse the holder of the deed for the valid taxes he has paid. See Douglas v. Fargo, 13 ND 467, 101 NW 919. We have no doubt as to the soundness of this rule. In fact it is one which we have recently applied in the case of Fish v. France, 71 ND 499, 2 NW (2d) 537. We are satisfied, however, that this doctrine has no application in the instant case except in so far as it relates to the defendant's demand for affirmative relief. That is to say, that defendant was not entitled to judgment decreeing plaintiff's tax deed to be void and quieting title in him without first doing equity by reimbursing the plaintiff. Fish v. France, supra. It does not follow however, that because defendant was not entitled to judgment quieting title that plaintiff was. It would indeed be incongruous if an equitable principle could be invoked to strip a litigant of his property and give it to one whose claim thereto is wholly void. In Fish v. France, supra, plaintiffs sought to have certain tax deeds cancelled because no proper notice of expiration of redemption had been served. Defendants sought judgment by counterclaim quieting title upon their tax deeds. There we held that the notices were insufficient to cut off the plaintiffs' equity of redemption; we refused to

give judgment cancelling the tax deeds because plaintiffs had not paid the taxes; we did not, however, because plaintiffs were not entitled to judgment, give judgment to the defendants on their counterclaim. We left the matter in statu quo saying that plaintiffs had a right to insist upon a proper notice of expiration of redemption but that nevertheless defendants' tax deeds would remain at least a cloud upon the plaintiffs' title until such time as the taxes were paid. If the maxim that he who seeks equity must do equity is controlling, similar disposition should be made of the instant case.

There remains for consideration the effect that is to be given to that part of chapter 235, Laws of N. D. 1939, last above quoted. Does the language quoted mean that one whose equity of redemption from a tax sale has not been cut off must be required to surrender his property to the holder of a void tax deed because he cannot make payment of the amount the holder of the tax deed has invested at the time such holder determines to commence action thereon; or does it mean simply that he is to be denied affirmative relief in accordance with equitable principles until he has reimbursed the holder of the deed? In construing a statute it is often enlightening to consider the nature of the provided penalty. It is so in this case. The statute does not provide that judgment shall be entered against one who fails to make a required deposit in court. It merely provides that the action shall not proceed until he does make such deposit. Clearly such a penalty is no penalty at all against one who is wholly upon the defensive. It is only effective as to one who seeks affirmative relief. This being the case we think the statute is but an application of the principle that he who seeks equity must do equity.

The judgment of the district court is therefore reversed and the case is remanded to the district court for further proceedings conformable to law.

BURR, Ch. J., and MORRIS, CHRISTIANSON, and NUESSLE, JJ., concur.