Augusta **WITTROCK**, Raymond Wittrock, Zyril Wittrock, Louis Wittrock, Plaintiffs and Appellants,

v.

George **WEISZ**, Thomas Stevens, Marie Stevens, Williams County, North Dakota, a Public Corporation, A. W. Wang, as County Auditor of Williams County, North Dakota, A. M. Fruh, The Superior Oil Company, a Foreign Corporation, Stanolind Oil and Gas Company, a Foreign Corporation, W. B. Scott, and all other persons unknown, having or claiming to have any right, title, interest in or to, or lien or encumbrance upon the premises described in the Complaint, Defendants and Respondents.

No. 7497.

Supreme Court of North Dakota.

Oct. 25, 1955.

Rehearing Denied Dec. 19, 1955.

Hyland, Foster & Conmy, Bismarck, for plaintiffs and appellants.

E. C. Rudolph, Ray, for George Weisz, defendant and respondent. Rausch & Chapman, Bismarck, of counsel.

TEIGEN, District Judge.

The plaintiffs, Augusta Wittrock, Raymond Wittrock, Zyril Wittrock and Louis Wittrock, record title owners, seek to quiet title to the E½NW¼, W½NE¼ in Section 14, Township 156, North of Range 97, West

of the Fifth Principal Meridian, being in Williams County, North Dakota, to which land Williams County took tax deed on March 1, 1940 for unpaid taxes for the year 1930 and which land was subsequently sold to the answering defendant, George Weisz, on contract dated November 19, 1943 and executed February 16, 1944, and followed by county deed dated June 9, 1947.

The plaintiffs commenced this action in September of 1952. The defendant George Weisz, was the lessee of the land from 1928 to 1940 leasing from the plaintiffs. John G. Weisz, son of the defendant, George Weisz, leased the land from the County for the years 1940, 1941 and 1942, during all of which time he lived with his father the defendant, George Weisz, and during which time they owned machinery together and worked together.

On May 24, 1939 the County Auditor of Williams County issued a notice of expiration of the period of redemption based on the sale held December 8, 1931 to the County of the 1930 taxes. The notice erroneously named "Louis B. Wittrock, (heirs)" as the record title owner instead of Augusta Wittrock, Raymond Wittrock, Zyril Wittrock and Louis Wittrock, who were in fact the record title owners. Service of this notice appears to have been made in accordance with Chapter 235 of the Session Laws of North Dakota for 1939 with this exception, in the notice published in the official newspaper of Williams County the name of the record title owner was stated as being "Louis B. Wittrock (heirs)". Notices were also mailed by registered mail addressed to each of the plaintiffs giving the postoffice address of Ray, North Dakota, and each envelope contained a copy of the notice of the expiration of the period of redemption naming "Louis B. Wittrock (heirs)" as the record title owners. However, all of the mailed notices were returned to the County Auditor by the postoffice department marked "unclaimed" and "unknown" and were never received by any of the addressees. Tax deed dated March 1, 1940 was issued to the County of Williams.

The publication of the notice of the expiration of the period of redemption is for the protection and benefit of all persons who may have an interest in the property about to be sold. The formal notice as prescribed by the statute recites as follows "Opposite each description of real estate appears the name of the record title owner thereof *as it appears by the records in the office of the Register of Deeds of such County. * * *"* (Emphasis supplied.) As provided by statute, Subsection (a), Chapter 235 of the Session Laws of North Dakota for 1939, the County Auditor of Williams County did request and did obtain from the Register of Deeds and the Clerk of Court a certified list giving the names of all persons who appear to be interested as owners, mortgagors, lienholders or otherwise, in such real estate, but the County Auditor, it is obvious from the certificate, an exhibit in this case, misunderstood or did not follow the information placed thereon by the Register of Deeds. A final decree of distribution in the matter of the estate of Louis B. Wittrock, who died in 1914, was entered by the County Court dated August 28, 1916 decreeing the land in question to the plaintiffs and a certified copy thereof was recorded in the office of the Register of Deeds on September 19, 1916 in Book 45 of Deeds on page 458. The law in force at that time, being Chapter 252 of the Session Laws of North Dakota for 1915 provided a final decree of distribution could be recorded without regard to whether or not the real estate taxes were paid and further providing that only a deed or patent was required to carry thereon the County Auditor's certificate relative to taxes. Therefore it is logical to assume that there was no record made of the transfer in the office of the County Auditor at the time the final decree of distribution was placed on record. When the certificate of the Register of Deeds was obtained by the County Auditor on October 22, 1938, as stated above, it was either misinterpreted or not followed by that office in the preparation of the notice of the expiration of the period of redemption. It is apparent from the instrument itself that the

Register of Deeds did in fact state thereon the names of the record title owners, although because of lack of room on the printed form used for that purpose, the Register of Deeds placed the names of the record title owners under the heading printed thereon "mortgagors and lienholders", he took the precaution of writing under those names "No mtg.", meaning no mortgages. It is therefore apparent to the Court that the County Auditor in setting up his notice of expriation of the period of redemption did not follow the source of the information prescribed by statute in obtaining the names of the record title owners and therefore there was not sufficient compliance with the statute. Thus the property being proceeded against was not identified by the published name of the record title owners. The statute requiring notice of the expiration of the period of redemption must be strictly complied with in order to terminate the owners right to redeem. Knowlton v. Coye, 76 N.D. 478, 37 N.W.2d 343; Messer v. Henlein, 72 N.D. 63, 4 N.W.2d 587. Valid tax titles can be acquired only after full compliance with the provisions of the law intended for the protection of those having the right to redeem. State ex rel. State Bank of Streeter v. Weiler, 67 N.D. 593, 275 N.W. 67; Knowlton v. Coye, supra. The insertion in the notice of the expiration of the period of redemption—published and mailed but not received—of the wrong name as that of the record title owners is fatal to the validity of the notice. Knowlton v. Coye, supra. The certificate of the Register of Deeds also stated following the names of the record title owners set forth thereon "No address". However, the County Auditor took it upon himself to mail registered notices of the expiration of the period of redemption to them at Ray, North Dakota. The record does not disclose what, if any, investigation the County Auditor conducted to obtain those addresses. It is clear from the record that Ray, North Dakota was not the address of any of the record title owners at that time and all of the notices were returned to the County Auditor. The Auditor was not required by the statute to do this and efforts on his part to give further notice in a manner not prescribed by the statute in absence of showing that the owners were misled thereby was of no effect. Buman v. Sturn, 73 N.D. 561, 16 N.W.2d 837.

This Court has held on many occasions that a tax deed issued without strict compliance with the statutory requirements as to the service of the notice of the expiration of the period of redemption is void. Messer v. Henlein, 72 N.D. 63, 4 N.W.2d 587; Blakemore v. Cooper, 15 N.D. 5, 106 N.W. 566, 4 L.R.A.,N.S., 1074, 125 Am.St. Rep. 574; Davidson v. Kepner, 37 N.D. 198, 163 N.W. 831; Baird v. Zahl, 58 N.D. 388, 226 N.W. 549; Biberdorf v. Juhnke, 59 N.D. 1, 228 N.W. 233.

In Cruser v. Williams, 13 N.D. 284, 100 N.W. 721, this Court said:

"The redemption period does not terminate, or the certificate of sale mature, or title pass, until the statutory notice of the expiration of redemption has been given."

It is thus clear that the issuance of a tax deed to Williams County of the property here in suit did not operate to cut off plaintiffs' right of redemption nor vest title in the county. It also follows that the defendant acquired no title to the property from his grantor who could not convey that which it did not possess.

The defendant, George Weisz, in his answer to the plaintiffs' complaint alleges that plaintiffs have paid no real estate taxes assessed against the land since 1930 and that in the fall of 1940 the plaintiffs wholly abandoned said land and the right to recover and all remedies were barred by a lapse of time and by the statute of limitations which had run for more than ten years prior to the commencement of this action and further that they, the plaintiffs, are guilty of laches. The trial court held that the residuary statute of limitations, Section 28-0122 of the NDRC of 1943, is applicable and that the defendant, George Weisz, and his grantor Williams County had held the land adversely for more than ten years before the commencement of this

action, and the plaintiffs' cause of action had accrued more than ten years before action was commenced, and the plaintiffs were therefore barred from asserting their claims against the defendant, George Weisz. With this we cannot agree. Williams County took tax deed on March 1, 1940 and on November 19, 1943 entered into a contract for the sale of the land to the defendant, George Weisz. The action to quiet title was commenced in September of 1952.

■ The residuary statute of limitations, Section 28–0122 of the NDRC of 1943 states:

"An action for relief not otherwise provided for must be commenced within ten years after the cause of action shall have accrued."

To determine whether or not that statute applies it is necessary to determine whether or not the county after taking tax deed and before giving notice of sale held adversely to the plaintiffs. We do not believe it did. Since the County on March 1, 1940 took tax deed, which we find was valid on its face, to these lands there have consistently been in force certain laws with additional privileges granted by the legislature as a matter of grace, in that these laws provided that the former owner and others mentioned therein, should during all of the time that the County held title under a deed valid on its face, have a right to repurchase the land in the various ways provided therein. See 1939 Session Laws, Chapter 238; 1941 Session Laws, Chapter 286, subsections 18 and 19; 57–2818 and 57–2819, NDRC of 1943. These rights are valuable ones and cannot be ignored. Knowlton v. Coye, supra. The former owner, or others as mentioned therein, have the privilege, in the various ways as provided for, to come in and repurchase lands forfeited to the county under tax deed proceedings so long as the tax title thereto remains in the County, and further provides that their rights are not cut off when the county desires to sell said lands at private sale until the county gives 30 days written notice to the former owner of its intention

to sell and that during said 30-day period the right to repurchase continues to their benefit. This right is inconsistent with adverse possession.

The rule is elementary that possession to be adverse, must not only be under claim of right, but hostile to and inconsistent with the possession, or right of possession of the true owner. The owner of lands in question had a right to repurchase them at any time while the county had possession thereof and before the 30-day notice was given. Therefore possession in the County from March 1, 1940 to November 16, 1943, being the date 30 days after notice of intention to sell was given, was not adverse but subject to and consistent with the right of the plaintiff.

A situation analogous to this is found in the states where possession is permitted under tax sale certificate with a redemption period—and the Courts have almost unanimously held that possession under tax sale certificate during redemption period cannot be adverse and upon the same ground, viz., that such possession is in no manner hostile to and inconsistent with possession of the owner. Salt Lake Investment Co. v. Fox, 32 Utah 301, 90 P. 564, 13 L.R.A.,N.S., 627.

"Possession under a tax deed will not be considered adverse under a general statute of limitations until expiration of the period allowed for redemption." 2 C.J.S., Adverse Possession, § 113, p. 664; O'Hanlon v. Morrison, Tex.Civ. App., 187 S.W. 692.

"A statute providing for the length of time during which an adverse possession must be maintained so that it may ripen into title begins to run at the time the possession of the claimant becomes adverse to that of the owner. This, as a rule, is the time of entry; but where the original entry is in subordination to the title of the true owner, the possession so taken only becomes adverse when the claimant sets up title in himself, and the running of the statute must date from that time. *So, where possession is taken under certain tax and judicial sales, it can*

*only become adverse upon the expiration of the time during which the former owner might have redeemed the property.* Like principles prevail in equity." (Emphasis supplied.) 1 Am. Jur. Section 161, page 884.

"To render possession adverse, it must not only be actual, but also open, continuous, notorious, distinct and hostile, and of such a character as to unmistakably indicate an assertion of claim of ownership by the occupant." Enderlin Inv. Co. v. Nordhagen, 18 N.D. 517, 123 N.W. 390.

Under the law in effect the County in possession under tax deed valid on its face is not adverse to the former record owner.

■ It is the essence of the statute of limitations that time begins to run under them as to causes of action only after the right to prosecute them to a successful conclusion has fully accrued. 34 Am.Jur. page 91, Section 113.

■ Under our laws as they existed from March 1, 1940 to November 16, 1943, the period of time in question, the plaintiffs as former owners could repurchase whenever they had the ability or desire to do so. The county during that period of time held the land in its name but subject to the right or privilege of the former owner to repurchase, and it was not until the 30 days notice had expired that the county was relieved of its statutory obligation to convey the land to the former owner upon his compliance with the statute. A former owner of land forfeited to the county on tax deed proceedings is not subject to the running of a statute of limitations against him when our law provides him with every right to reacquire possession of those lands by repurchase, at even a lower cost to him in some cases.

■ The possession of the county under a tax deed valid on its face is not adverse, but it is subject at all times to the former owner's right to repurchase. The statutory right to repurchase while the county is in possession is a law of property, and to per-fect the right requires no action at law or equity, but merely a tender of money.

Considerable emphasis is placed on the case of Nash v. Northwest Land Co., 15 N.D. 566, 108 N.W. 792, 795, by respondents' counsel. An examination of that case, however, reveals reasoning used by the Court is not inconsistent with the holding of this case to the effect that so long as the tax title by deed valid on its face remains in the county, the former owner and others named in the statute shall have the right of repurchase as provided by law, the statute of limitations does not run against the former owner's remedies; when the Court quotes with approval in that case as follows:

"So long as the mortgagee acknowledges or recognizes the mortgagor's right to the land, the statute of limitations does not run against the latter's remedies. McPherson v. Hayward, 81 Me. 329, 17 A. 164; Waldo v. Rice, 14 Wis. 286."

And again when it is stated in the opinion:

"Of course, where the mortgagee is permitted to take possession under an agreement on his part to hold in subjection to the mortgagor's right, such possession is not deemed adverse so as to set the statute of limitations in motion against the mortgagor until the mortgagee distinctly disavows his obligations as such, and notice thereof is brought home to the mortgagor."

We believe these holdings are applicable to the instant case because the County on taking possession of the land on a tax deed holds subject to the statutory right of repurchase.

For the reasons stated in this opinion it follows that a cause of action does not accrue until the county gives 30 days notice that the property is sold and that the county is holding the sale in abeyance for 30 days to give the former owners an opportunity to repurchase.

■ Less than ten years have passed between the expiration of the 30-day notice

given by the County on October 16, 1943 of its intention to sell the lands, and the commencement of the present action in September of 1952, so it is therefore unnecessary for us to determine whether or not the residuary statute of limitations, Section 28–0122 of the NDRC of 1943 applies.

 As to the respondents' claim that the plaintiffs are guilty of laches, we find nothing in the plaintiffs' inaction that worked to the disadvantage of the defendant Weisz..

"Laches does not arise from delay or lapse of time alone, but party against whom laches in asserting title to realty is sought to be invoked must be actually or presumptively aware of his rights and must fail to assert them against party who in good faith permitted his position to become so changed that he could not be restored to his former state." Grandin v. Gardiner, N.D., 63 N.W.2d 128.

This principle has been applied in other tax cases in this state. Werner v. Werner,

74 N.D. 565, 23 N.W.2d 757; Sailer v. Mercer County, 75 N.D. 123, 26 N.W.2d 137; Morehouse, for Use and Benefit of Sailer v. Paulson, 75 N.D. 525, 28 N.W.2d 608; Star v. Norsteby, 75 N.D. 563, 30 N.W.2d 718; Loy, for Use and Benefit of Union Securities Co. v. Kessler, 76 N.D. 738, 39 N.W.2d 260—and other cases— Gronna v. Goldammer, 26 N.D. 122, 143 N.W. 394, Ann.Cas.1916A, 165; Dakota Trust Co. v. Headland, 57 N.D. 810, 224 N.W. 220; Commercial Credit Corp. v. Dassenko, 77 N.D. 412, 43 N.W.2d 299. See also 19 Am.Jur., Equity, Sec. 501; 30 C.J.S., Equity, § 116.

The judgment appealed from is reversed and the case remanded for further proceedings consistent herewith.

BURKE, C. J., and GRIMSON, SATHRE and MORRIS, JJ., concur.

JOHNSON, J., did not participate, Hon. OBERT C. TEIGEN, Judge of Second Judicial District, sitting in his stead.