BENJAMIN F. & SARAH A. ELLIS VS. CLARKE ET AL.

In actions upon judgments, the defendants are estopped from setting up any matter, in defence, that was actually determined or that might have been litigated in the proceedings on which the recovery was had—as where in an action upon a judgment rendered against husband and wife, they attempt to set up the coverture of the wife when the contract, upon which the judgment was rendered, was made·

A judgment against husband and wife is not necessarily erroneous,—such judgment may be properly rendered for a debt due by the wife at the time of the marriage.

A defendant in a suit cannot interpose the interplea allowed by *sec.* 38, *chap.* 17, *Dig.*

*Appeal from Phillips Circuit Court.*

Hon. GEORGE W. BEAZLEY, Circuit Judge.

WATKINS & GALLAGHER, for the appellants.

A married woman's contracts at common law are valid: and her separate property can be charged only in equity. An attachment cannot be issued against her, nor levied on her

OF THE STATE OF ARKANSAS. **421**

TERM, 1858.]      Benjamin F. & Sarah A. Ellis vs. Clarke et al.

separate property. *Dobbins & Wife vs. Hubbard*, 17 *Ark.*; *Clancy on Husband & Wife, p.* 331; 1 *Bro. C. C.* 16; 1 *Mad.* 262.

The ground of the decision of the Court below, in sustaining the demurrer to the defendant's pleas, was, that the defence should have been set up in Mississippi to the judgment there. By the decision of *Cox vs. Morrow*, 15 *Ark.*, the law in Mississippi is presumed to be analogous to our own: that no judgment can be rendered against a married woman: and the judgment rendered against her in Mississippi can have no force.

CUMMINS & GARLAND, for appellees.

The pleas of coverture could not be pleaded to this judgment from another State: the record being entitled to full faith, the merits of the case could not be gone into; 3 *Wheat.* 234; 7 *Cranch* 481; 9 *Mass.* 462; 4 *Cranch* 442; 6 *Wheat.* 729.

So, as to the interpleader—this may have been her separate property; yet the debt is as much hers as it is Ellis'. She is bound by the judgment; and her property may be taken under legal process, without resort to equity, in satisfaction. 1 *Ch. Pl.* 58; 15 *Eng. C. L. Rep.* 11.

Mr. Justice SCOTT, delivered the opinion of the Court.

The appellee declared in the usual form in debt, upon the record of a judgment against the appellants, recovered, and remaining unsatisfied, in the Circuit Court of Marshall county, in the State of Mississippi, and sued out a writ of attachment, which was levied upon a slave as the property of the appellants.

Upon a showing of the non-residence of the appellants, the statutory notice was ordered and published.

At the return term the appellants appeared and interposed three pleas—that is, *Sarah* plead:

1st. That at the time of the making of the contract, which was the foundation of the judgment, she was a married woman, and has since been so.

2d. That at the time of the rendition of the judgment, she was the wife of Benjamin, and is still so.

**422** CASES IN THE SUPREME COURT

Benjamin F. & Sarah A. Ellis vs. Clarke et al.    [JANUARY

Benjamin plead that at the time of the rendition of the judgment, Sarah was his wife, and is still so.

A demurrer was interposed to each of these pleas, which the court sustained, and the appellants excepted.

The appellants then plead payment, to which the appellees took issue. And also filed a plea of interpleader, setting up that the slave, upon which the attachment was levied, was the sole and separate property of Sarah. This latter having been demurred out, the case was tried upon the issue, upon the plea of payment, by the Court sitting as a jury, and judgment having been rendered for the appellees for the debt claimed, the other party brought the case here by appeal, neither party having put any thing upon the record by bill of exception.

With regard to the matter of coverture presented by the three pleas first above named, we think the appellants were estopped to set that up, by the record of the judgment proceeded upon. When a matter has been finally determined by a competent tribunal, in which the parties had a fair opportunity to be heard, it ought to be considered at rest; and that principle not only embraces what actually was determined, but also extends to every matter which the parties might have litigated in the case. (*Bauman vs. Bauman*, 18 *Ark*. 332, 333.)

Upon common law principles, irrespective of any peculiar law of th State of Mississippi, of which we have none in proof in this case, a judgment in a court of law against husband and wife, is not necessarily erroneous; much less is it void upon its face; because such a judgment may be properly rendered for a debt due by the wife at the time of the marriage. (2 *Bright Hus. & Wife*, 3, 4; *Dig. St. Ark., chap.* 1, *sec.* 5, *p.* 98.) The execution of such a judgment, during the coverture, however, as against the wife and her sole and separate property, is quite a different thing. Imprisonment for debt having been abolished in this State, and females being especially exempt from arrest on civil process, (*Dig., p.* 161, *sec.* 7,) the *capias ad satisfaciendum* can be no longer available to coerce the wife to pay the debt out of her sole and separate property, as a means of

deliverance from prison. And it is not easy to see how the process of a court of law can be made to reach sole and separate property, to which the wife has but an equitable title and interest, unless such sole and separate property should have been created out of the wife's ante-nuptial property under such circumstances as to make the settlement void as to her creditors.

These difficulties are urged by counsel as ample reason against the allowance of a judgment at law, against a married woman in any case. But they are certainly not conclusive; because, although in the case put, the judgment would make the wife's debt the husband's own, and it would continue so, notwithstanding the wife might die before execution; nevertheless, it remains no less the wife's debt also: and so far as she might be concerned, the difficulties of execution would be removed upon the death of her husband, she surviving, because then her legal capacity and legal responsibility, which had been suspended by the coverture, would rise up, and, although it might be true, that the only advantage to the plaintiff in the judgment might be this contingent one, there could be no good reason for depriving him of that, or any other legal right connected with his claim to have the debt paid. (2 *Bright on H. & W.,* *p.* 3, *sec.* 9, 12, 13, *p.* 83, *sec.* 6, 8.)

With regard to the other point, there is no error in the ruling of the court. Because the plea of interplea allowed by the statute, (*Dig. chap.* 17, *p.* 180, *sec.* 38,) is to be interposed only by some person " other than the defendant." A defendant is not allowed this plea. If the property attached is not subject, other remedy is open to the party in interest.

Finding no error in the record, the judgment will be affirmed.