Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 The two questions certified by the court below constitute but one.
 

 It is a well-settled principle of the common law “that in personal actions concerning debts, goods, and effects (by way of distinction from other actions), a recovery in one action is a bar to another. This principle is not true of personal actions alone, but is equally and universally true of all actions, whatsoever
 
 quoad
 
 their subject-matter; and that an allegation on record, on which issue has been once taken and found, is, between the parties taking it and their privies, conclusive, according to the finding thereof, so as to estop the parties respectively from again litigating that fact once tried and found.”
 
 *
 

 The action of ejectment was devised for a lessee of a term
 
 *176
 
 of years, who was ousted of his term, and who, having hut a chattel interest, could not support a real action to recover possession. It was hut an action of trespass in effect, and the remedy was in damages only for the dispossession. But afterward the court determined the lessee should not only recover damages, hut also his
 
 term,
 
 which soon brought the action into general use; and, by the formal scaffolding of a lease, entry, and ouster, the action was converted into a method of trying, collaterally and incidentally, the title of the lessor.
 

 Hence, as the title of the freehold was never
 
 formally
 
 and
 
 directly
 
 in issue by the pleadings, but only a trespass committed by John Doe on Richard Roe, in forcibly expelling him from a term of years, no verdict between these parties for the supposed trespass could be pleaded in bar to another action of trespass by Thomas Troublesome on Timothy Peaceable.
 

 It was in this way that the doctrine crept in that a verdict and judgment were conclusive only as regards personalty.
 

 Afterwards, when this fictitious scaffolding was demolished in many States, and the parties made their issue in their own names — where there could be no difficulty as to the estoppel — the idea of a difference between rights to real property and personalty still continued in many States to linger, and a single verdict and judgment in ejectment was not considered conclusive. In such States provision was usually made by statute for a second trial.
 

 But where no such provision has been made, the party’s privilege to plead his estoppel, according to his right at common law, has always been recognized by the court.
 
 *
 

 We find nothing in the statutes of Arkansas, or in their judicial decisions, making any exceptions or difference as to the conclusiveness of a verdict and judgment in real or personal action.
 

 This question must, therefore, be answered
 

 Ik the amtRmative.
 

 *
 

 Outram
 
 v.
 
 Morewood, 3 East, 366.
 

 *
 

 See Miles
 
 v.
 
 Caldwell, 2 Wallace, 35; Blanchard
 
 v.
 
 Brown, 3 Id. 245.