HILL (ZEIBER v.). See Case No. 18,206.

HILLEARY (McCUTCHEN v.). See Case No. 8,742.

HILLEGAS (HANCOCK v.). See Case No. 6,010.

HILLEGAS (UNITED STATES v.). See Case No. 15,366.

---

## Case No. 6,504.

### HILLER v. SHATTUCK.

[1 Flip. 272;[1] 5 Chi. Leg. News, 289.]

Circuit Court, E. D. Michigan. Nov., 1872.

NEW TRIAL IN EJECTMENT—UNITED STATES STATUTE—AS TO PRACTICE.

1. Where the statute of a state allows a defendant in an ejectment suit a new trial upon the payment of costs, this statute is binding upon the circuit court of the United States in an action of ejectment.

2. Section 34 of the judiciary act [1 Stat. 92] construed. Whatever is conclusive as to title of land in the state court, is equally conclusive in the federal court.

[Motion by Clarissa C. Hiller against Gilbert M. Shattuck to vacate judgment and for a new trial.]

Mr. Joslyn, for plaintiff.
L. B. Taft, for defendant.

LONGYEAR, District Judge. The motion was argued by the learned counsel on both sides as involving a mere question of practice, depending upon the acts of congress and rules of court adopting the practice of the state courts, and especially the fifth section of the recent act of congress of June 1, 1872 (71 Stat. 179). The question involved, however, stands upon a broader and more permanent basis than these rules of practice. It is a matter of right, and as such, affecting as it does title to real estate, is binding upon this court. The main objection to the granting of the motion stated in the argument is, that it is a statutory right, and not a matter of practice, and, therefore, is not included in the practice acts of congress, or the rules of this court. In this I fully concur, but because it is a matter of right, I hold that it is binding upon this court, and, except as to the mode of enforcement, is independent of all such statutes and rules, as I will now proceed to show.

The state statutes involved in this consideration are paragraphs 6237 and 6238 of the "Compilation of 1871" of the statutes of Michigan (2 Comp. Laws, 1871, p. 1770), being sections 35 and 36 of chapter 195, "Ejectment," which are as follows:

"(6237.) Section 35. Every judgment in the action of ejectment, rendered upon a verdict, shall be conclusive as to the title established in such action upon the party against whom the same is rendered, and against all persons claiming from, through, or under such party, by title accruing after the commencement of such action, subject to the exceptions hereinafter contained.

"(6238.) Section 36. The court in which such judgment shall be rendered, at any time within three years thereafter, upon the application of the party against whom the same was rendered, his heirs, executors, administrators, or assigns, and upon payment of all costs and damages recovered thereby, shall vacate such judgment, and grant a new trial in such cause; and the court, upon subsequent application made within two years after the rendering of the second judgment in said cause, if satisfied that justice will be thereby promoted, and the rights of the parties more satisfactorily ascertained and established, may vacate the judgment and grant another new trial; but no more than two new trials shall be granted under this section."

It is under the first paragraph of the latter section that this motion was made. By the plainest rules of construction these two sections must be construed together; and if the provisions of section 35 are binding upon the federal courts—as they clearly are, according to the authorities cited below—then the provisions of section 36 are equally so, because they constitute exceptions subject to which, among others, a judgment in ejectment is made conclusive as to title by the former section. If we adopt the one, we must the other.

Section 34 of the judiciary act of 1789 (1 Stat. 92) provides: "That the laws of the several states, except where the constitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States in cases where they apply."

Under this section the United States supreme court has always and uniformly held, that local laws constituting rules of property, and especially those respecting titles to land, constitute rules of decision in the federal courts, and are, of course, binding upon them. This doctrine is so well established, and so firmly engrafted upon the national jurisprudence, and I may add, so well understood by bench and bar, that no argument or citation of authorities is needed to

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

support it. I will, however, cite a few of the earlier and more important decisions of the supreme court by which the doctrine was established, and the rule defined, viz.: Polk's Lessee v. Wendell, 9 Cranch [13 U. S.] 87; Mutual Assur. Soc. v. Watts, 1 Wheat. [14 U. S.] 279; Shipp v. Miller's Heirs, 2 Wheat. [15 U. S.] 316; Gardner v. Collins, 2 Pet. [27 U. S.] 58; Thatcher v. Powell, 6 Wheat. [19 U. S.] 119; Shelby v. Guy, 11 Wheat. [24 U. S.] 361; Jackson v. Chew, 12 Wheat. [25 U. S.] 153; Green v. Neal, 6 Pet. [31 U. S.] 291.

It is equally well settled by the same high authority, as well as by the numerous decisions in the United States circuit court, that state statutes, like those of Michigan above quoted, defining the effect of a judgment in ejectment upon the title in question, are "laws respecting titles to land," and so within the general rule last above stated. In Blanchard v. Brown, 3 Wall. [70 U. S.] 249, a statute of Illinois, like the Michigan statute in all respects, being under consideration, the court say: "This court, in the case of Miles v. Caldwell, 2 Wall. [69 U. S.] 44, in construing a statute (of Missouri) no broader than the Illinois enactment, held, that whatever is conclusive of the title to land in the courts of a state is equally conclusive in the federal courts; that it is, in fact, a rule of property." In that case the court not only apply this doctrine to the Illinois statute, but they mention those other provisions of the statute in respect to new trials, evidently as constituting a part of the same enactment, and of course subject to the same construction and application. In addition to the above two cases, see Sturdy v. Jackaway, 4 Wall. [71 U. S.] 176, in which the above two cases are cited and approved; also Evans v. Patterson, Id. 224; Barrows v. Kindred, Id. 399.

I think enough has now been said and shown to furnish a complete solution of the question before the court, and to establish, it seems to me beyond a question, that the statute of Michigan governing new trials in ejectment suits constitutes the rule of decision for this court; and such I understand to have been the uniform practice of this court. The costs and damages having been paid, the motion to vacate judgment, and for a new trial, is accordingly granted.