Morris v. Curry.

## MORRIS V. CURRY.

JUDGMENTS: *When conclusive.*

In an action upon a judgment of a court which had jurisdiction of the subject-matter and person of the defendant, he cannot plead any matter in defense which was determined, or could have been litigated, in the suit in which the judgment was rendered.

APPEAL from *White* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*J. W. House*, for appellant.

1. It does not appear from the transcript of the judgment that personal service was had on Morris by an officer authorized to make the service, and the pleas of limitation and payment could have been made here as well as in Virginia.

2. The plea of bankruptcy was proper. *3 Am. Reports, 116; 8 Ib., 418; 11 Ib., 386; 33 Ib., 641; 34 Ib., 337, 483.*

*A. N. Curry, pro se.*

The defendant's pleas, not going to defects appearing on the face of the complaint, could only be set up by answer. *Secs. 4567, 4558, Gantt's Dig.*

The plea of limitation is bad.  *31 Ark., 546; Hempst., 51.*  Bankruptcy could only be pleaded in the suit on the original demand.  The judgment of a sister State is conclusive.  *111 Mass., 473; 79 Ark., 420; 35 Ib., 331; 12 Ark., 756.*  The court had jurisdiction of his person and the subject-matter.  *11 Ark., 157.*

ENGLISH, C. J.   On the twenty-ninth of April, 1880, Andrew N. Curry recovered a judgment against Thomas J. Morris, in the circuit court of Putnam county, West Virginia, for $265.85, debt and interest, and for costs, etc.

In October, 1881, Curry brought suit on the judgment against Morris before a justice of the peace of White county, alleging in the complaint that the judgment was obtained in the West Virginia court, on personal service of process, and filing an authenticated transcript of the record of the writ, evidence of service, and judgment.

Morris filed four pleas in writing, in substance as follows :

1.   "That the cause of action upon which the judgment mentioned in the declaration was rendered, did not accrue within twenty years next before the institution of said suit in which said judgment was recovered.

2.   "That the cause of action upon which the judgment was recovered in said declaration mentioned, did not accrue within five years next before the institution of said suit in which said judgment was recovered,—because defendant says that the notes sued on upon which the judgment was rendered, were executed on the —— day of April, 1853, and under the laws of West Virginia, where said notes were executed, and said judgment rendered, no person can bring or maintain an action to recover money founded upon a

contract in writing under seal, but within twenty years after the right shall have first accrued ; and no person can bring an action to recover money founded upon a contract in writing not under seal, but within five years after the right shall have first accrued.

3. "That on the —— day of ———, 1871, a discharge was granted defendant by the District Court of the United States for the Eastern District of Arkansas, and thereby, and by force of which he was discharged of and from all debts, claims, liabilities or demands existing against him at that date, including the debt upon which the judgment mentioned in the declaration was obtained. A copy of said discharge is herewith filed."

(The transcript of the order of discharge in bankruptcy bears date twelfth January, 1877, and relates back to twelfth February, 1874, the date the petition for adjudication was filed.)

4. "That on the —— day of ———, 1867, defendant paid to one Wm. Hicks, a practicing attorney, and who was at the time the attorney of the plaintiff, the sum of $25.00, which was then and there accepted by said Hicks, as attorney for plaintiff, as a full and complete payment and settlement of the notes upon which the judgment was obtained."

The justice sustained the plea of bankruptcy, and rendered judgment discharging defendant, and plaintiff appealed to the circuit court.

In the circuit court plaintiff entered a general demurrer to all of the pleas, which the court sustained, and defendant declining to make any further defense, judgment was rendered against him, in favor of plaintiff, for the amount of the judgment sued on, and defendant appealed to this court.

The pleas of limitation, bankruptcy, and accord and satisfaction, all go back of the judgment sued on, to the orig-

inal cause of action, and attempt to treat the judgment as of no legal validity or conclusiveness.

JUDG-
MENTS:
When
conclusive   Where a suit is brought in a court of one State upon a judgment recovered in a court of another, and jurisdiction of the subject matter and of the person is made to appear, the judgment is conclusive as to other matters. *Peel v. January et al, 35 Ark., 337,* and cases cited.

None of the pleas questioned the jurisdiction of the West Virginia Court of the subject matter, or the person of appellant. See *Barkman v. Hopkins et al., 11 Ark., 157; Kimball v. Merrick, 20 Ib., 12.* The pleas simply ignored the judgment, and when the demurrer to them was sustained, appellant declined to make any other or further defense.

Upon the record before us, the judgment must be treated as of the same conclusiveness as if it had been rendered in a court of this State.

The demurrer was properly sustained to all the pleas. They should have been pleaded to the suit in the West Virginia Court. *Clark & Wife v. Anthony & Wife, 31 Ark., 549.*

In an action upon a judgment, the defendant is estopped from setting up any matter, in defense, that was actually determined, or that might have been litigated in the proceedings on which the recovery was had. · *Benjamin F. & Sarah A. Ellis v. Clark et al., 19 Ark., 420.*

The plea of bankruptcy was as bad as the other pleas. Appellant obtained his discharge in bankruptcy before the institution of the suit in the West Virginia Court, and should have pleaded it in that suit. In this suit, on the judgment, the plea was too late.

In an action on a judgment of another State, a certificate of discharge in bankruptcy, obtained before the rendition of the judgment, is no defense. *Rees v. Butler, 18 Mo., 173.*

The discharge will not avail unless it is pleaded before

judgment rendered. *Bank of Missouri v. Franciscus, 15 Mo., 308.*

Affirmed.