## Roberts v. Grimmett.

### 4-4624

Opinion delivered April 26, 1937.

*S. F. Morton* and *Gaughan, Sifford, Godwin & Gaughan,* for appellant.

*C. W. Garner* and *G. W. Fike,* for appellee.

Griffin Smith, C. J. Nathan Lea Grimmett was found dead in his home on the morning of June 25, 1934. His wife, Ola Grimmett, and a daughter, Nancy Louise Grimmett, were in the same room, unconscious from wounds. Both subsequently died. The coroner's jury found that Grimmett mortally wounded his wife and daughter and then committed suicide.

On January 18, 1937, this court heard an appeal from the Dallas Circuit Court wherein Robert Grimmett had sued L. S. Roberts on an alleged promise to divide

the proceeds of certain insurance. The appeal now before us is from a judgment for $3,000 secured by Robert Grimmett against L. S. Roberts. The appellant has interposed the plea of *res judicata*. If the parties and the subject-matter are the same, and if the trial court in the first case had jurisdiction, the plea should be sustained.

The amount of insurance is not material to this opinion and is not given for the reason that the total shown by policies identified in the record in this appeal varies considerably from that claimed by appellant in the former appeal. It is sufficient, therefore, to say that the administrator admitted receiving more than double the sum of the judgment from which this appeal is taken, and since appellee's complaints in each case alleged that he was entitled to fifty per cent. of the total collected, the judgment here does not exceed the amount to which he would be entitled if the contract can be sustained in this proceeding.

Policies mentioned in appellant's brief include three on the life of Nathan Lea Grimmett aggregating $5,000 in which Ola Grimmett was beneficiary, and one on the life of Ola Grimmett for $2,500 with Nathan Lea Grimmett as beneficiary. Although Robert Grimmett, brother of Nathan Lea Grimmett, as appellant in the former suit, contended that Nathan Lea and Ola Grimmett were victims of a "common disaster," it is clear from the record in the appeal now before us that Nathan Lea Grimmett predeceased his wife, and it seems to have been admitted that Fred Morton, as administrator of the estate of Ola Grimmett, was entitled to collect the insurance and distribute the proceeds to her heirs. Appellant is the father of Ola Grimmett and is acting for his wife, Ola Grimmett's mother, and for himself, as the next of kin, who are entitled to inherit from their daughter. The former contention of Robert Grimmett that he should take as a matter of law has been abandoned, and reliance is placed upon the promise of appellant to equally divide the property.

It is alleged by appellee that after the death of his brother he secured possession of the policies, and while holding them he discussed with appellant various mat-

ters connected with the estates; that appellant told him that if he (appellant) had anything to do with distribution the property would be divided equally between the two families, and that they later went to the law offices of Fred Morton, and in Morton's presence affirmed the agreement, and Morton acquiesced and promised to see that it was carried out. Thereupon, he delivered the policies to Morton, relying on the promises, which are denied by Morton and appellant.

In the former appeal, *Grimmett v. Roberts*,* 100 S. W. (2d) 961, the opinion recites the unsatisfactory condition of the record, and failure of appellant to properly abstract it. However, certain deficiencies were supplied in appellee's brief, and the controversy was decided here upon the record so presented. The following comments from the opinion are material here: "The probate court decided against Robert Grimmett on exceptions filed to the first and final report of Morton as administrator, and Grimmett appealed to the circuit court. In the circuit court he filed a suit for damages for breach of contract alleged to have been made as between himself as one party and Morton, the administrator, and Roberts, the other parties, asking for one-half of the proceeds of the insurance then in the hands of the administrator. He then filed a motion in the circuit court to consolidate the case on appeal from the probate court, wherein his exceptions were made to the first annual settlement, with this new suit for damages. He further states that the court consolidated the cases upon his motion, and thereupon Roberts and Morton filed a motion to dismiss as to them and leave pending only the proceedings against the administrator, who still had possession of the money in controversy. What this motion contained, we are not advised. What exhibits it may have had, if any, we do not know. We can determine these unknown factors only by an exploration of the record, which we are not called upon in any case to do. * * * However, to some extent, the record has been disclosed by the abstract of appellee. * * * The only

---

* Not officially reported.

matter that has given us any concern in this case is the argument on the part of appellant that in his complaint filed in the circuit court there was pleaded that there was an agreement to compromise between the parties for a division of the fund. We have come to this conclusion, however: That inasmuch as the duty rests upon the appellant to show that there was error, and not upon the appellee to show that the judgments or orders appealed from were correct, we assume that the matter which appellant sought to have tried in the circuit court was properly settled.''

In his motion for a new trial in the former case, as disclosed by appellant's brief, it was assigned as error that ''the court dismissed as parties defendant L. S. Roberts and S. F. Morton in their personal capacities.'' Appellant then made this comment: ''Under assignment No. 2 it should be noted that on motion of the defendants the court dismissed S. F. Morton in his personal capacity and L. S. Roberts as parties defendant. The complaint filed by the appellant was verified, and we think it goes without question that said complaint stated a cause of action against both defendants, and they should not have been dismissed by the court. An administrator is liable personally for contracts, such as this, when made by him during his administration. * * * We think it unnecessary to cite any authority as to the error of the court in dismissing as to defendant L. S. Roberts.'' The prayer was that appellant have judgment for one-half of the face value of the policies of insurance; or, in the alternative, that the cause be remanded with directions that the cause of action against Roberts and Morton be reinstated, ''and that appellant be given a trial by jury.''

It clearly appears from this record, and from the opinion of January 18 referred to, (*Grimmett* v. *Roberts*), *supra,* that appellee filed suit in the circuit court for breach of appellant's alleged contract to divide the insurance money and other property equally; that on his own motion the cause of action appealed from the probate court on appellee's exceptions to the settlement

of the administrator was consolidated with the suit for damages. Thereafter, on motion of Roberts and Morton, they were dismissed as defendants, and Robert Grimmett perfected an appeal to this court.

In the former trial the court had jurisdiction of the parties and the subject-matter. Whether error was committed in consolidating Grimmett's damage suit with his pending appeal from the probate court is not an issue now. He requested the consolidation, and, on appeal, argued that the defendants should not have been dismissed.

The plea of *res judicata* must be sustained, and it is so ordered. The judgment is reversed, and the cause dismissed.