## WILSON et al. v. DYESS FARMS, Inc., et al.

### Civil Action No. J–295.

District Court, E. D. Arkansas, Jonesboro Division.

Jan. 3, 1948.

Reid & Roy, of Blytheville, Ark., for plaintiffs.

James T. Gooch, U. S. Atty., and Walter L. Pope, Asst. U. S. Atty., both of Little Rock, Ark., for defendants.

TRIMBLE, District Judge.

On June 6, 1934, plaintiffs by a quitclaim deed to the Arkansas Rural Rehabilitation Corporation conveyed to it a large body of land in Mississippi County, Arkansas, a portion of which is involved in this action. By mesne conveyances the defendant Dyess Farms, Inc., became the title holder, and now holds title subject to a mortgage to the United States. All of the lands conveyed were delinquent in improvement districts. These delinquencies were compromised and paid by the grantee and it received quitclaim deeds from the districts.

On March 6, 1935, the grantee filed in the chancery court having jurisdiction a suit to quiet and confirm its title. The plaintiffs, along with the improvement districts and others, were made defendants and served with summons. That court had jurisdiction of the cause of action and the parties.

The plaintiffs did not appear nor plead in that action, and on February 17, 1936, the court rendered a decree quieting and confirming the title to the lands in defendants' predecessor in title, specifically mentioning the plaintiffs here who were defendants there. The court found that the plaintiff and those under whom it claimed had paid taxes for ten years.

On June 8, 1945, plaintiffs here filed this suit to quiet and confirm their title in the

Chancery Court of Mississippi County, Arkansas, the same court whch entered the decree of February 17, 1936, and from that court it was removed here. Their contention is that by reason of the breach of a condition subsequent in the quitclaim deed the title has reverted to them. The provision of the deed relied on is: "It is understood that the grantee will use said lands as a part of the colonization scheme in which it is engaged in said area, and that upon its failure or refusal for a reasonable time to use and develope said land in such scheme the lands will revert back to and become the absolute property of the grantor." Defendants rely upon a plea of res judicata, basing their plea upon the decree of February 17, 1936, supra. That decree was the usual decree quieting and confirming title and did not specifically mention the above clause or claim of reverter.

As the court's decision upon the question of res judicata is determinative of the entire action the court will not notice other issues raised by the parties.

The complaint in the action to quiet title which resulted in the decree of February 17, 1936, contained this allegation:

"* * * that some of the defendants above named claim some right, title or interest in and to said lands, and they are now here made parties to this suit that they may be brought into this court and *their rights in said land determined and foreclosed and plaintiff's title quieted and confirmed as against the claims of such defendants.*" The prayer of the complaint was: "* * * upon a final hearing of this cause, *the title of said lands be forever quieted and confirmed in this plaintiff.*" (Emphasis ours.)

Thus it appears that the subject matter of that action was the title to the lands, all of the title, not some part of it. Upon that subject matter the court entered a decree.

The decree of a court having jurisdiction of the parties and the subject matter is conclusive not only as to defenses which were set up and adjudicated, but also as to those which might have been set up, and a defendant cannot use such defenses as the basis for a subsequent action against either the former plaintiff or its privies. "In a suit to quiet title the defendant is required to set up every defense and every claim of title which he then has and the failure to set up such defense or claim of title is a waiver thereof." Reynolds v. Schmidt, 10 Cir., 40 F.2d 238, 240, citing cases. See also 15 R.C.L. 976, Sec. 451; Sturdy v. Jackaway, 4 Wall. 174, 71 U.S. 174, 18 L.Ed. 387; Pearce v. Rice, 142 U.S. 28, 12 S.Ct. 130, 35 L.Ed. 925; Werlein v. New Orleans, 177 U.S. 390, 20 S.Ct. 682, 44 L.Ed. 817; Fayerweather v. Ritch, 152 U.S. 276, 25 S.Ct. 58, 49 L.Ed. 193; Rock Springs Distilling Co. v. Gaines, 246 U.S. 312, 38 S. Ct. 327, 62 L.Ed. 738; Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; Roberts v. Grimmett, 193 Ark. 1053, 104 S.W.2d 467; Barney v. City of Texarkana, 185 Ark. 1123, 51 S.W.2d 509; Shaw v. Polk, 152 Ark. 18, 237 S.W. 703; Lewis v. St. Louis, I. M. & S. R. Co., 107 Ark. 41, 154 S.W 198; Reeve v. Jackson, 46 Ark. 272; Morris v. Curry, 41 Ark. 75; Ellis v. Clarke, 19 Ark. 420, 70 Am.Dec. 603.

The decree of February 17, 1936, quieting and confirming the title in Arkansas Rural Rehabilitation Corporation as against the plaintiffs in the present suit, who were personally summoned in an action to determine and foreclose any right, title or interest they might claim in the land, bars the plaintiffs from now asserting or claiming any right, title or interest therein.

Defendants' motion for summary judgment is sustained and it is so ordered.