380 P.2d 876 (1963)
Robert P. WELLS, Jane Wells, et al., Appellants,
v.
L.W. NOEY, Appellee.
No. 302.
Supreme Court of Alaska.
April 17, 1963.
Helen L. Simpson, Anchorage, for appellants.
John M. Savage, of Clark & Savage, Anchorage, for appellee.
Before NESBETT, C.J., and DIMOND and AREND, JJ.
NESBETT, Chief Justice.
The principal question to be decided is whether occupancy of land pursuant to a certificate of sale purchased at tax sale, can be adverse and under color and claim of title as to the record owner, before the certificate owner has received a tax deed.
The property in dispute is located within a five-acre tract described on the tax rolls as the South one-half of Block 33 of the South Addition to the City of Anchorage at the time the city tax assessments involved herein were made. The same five acres of property is also described at various places in the record in this case as Lot 2, Block 33 of the South Addition. Appellants were the record owners of the east three acres of Lot 2 and Gladys Lovendosky was the record owner of the west two acres of the same lot. However, the City of Anchorage for some time prior to a tax sale conducted on December 19, 1953 had regularly assessed appellants for the East one-half of the South one-half of Block 33 and had regularly assessed Lovendosky for the West one-half of the South one-half of Block 33. On December 19, 1953 the city sold the *877 West one-half of the South one-half of Block 33 to appellee for delinquent taxes. The property sold to appellee amounted to two and one-half acres.[1] Therefore the sale to appellee included one-half acre of land of which appellants were the owners according to the records on file in the recorder's office.
After receiving his certificate of sale, appellee immediately went on the property and posted signs of ownership. He removed soil from the property on occasion, ordered trespassers off the premises several times and has paid all taxes and improvement assessments made against the land.
A tax deed was acknowledged as having been signed by the mayor of Anchorage on December 20, 1955 conveying the West one-half of the South one-half of Block 33 to appellee. The deed itself was dated December 19, 1955. Appellee continued to maintain possession of the property in the manner described until another five years had elapsed. He then commenced this action to quiet title under our adverse possession statute.[2]
The trial court held that the two year period during which appellee occupied the property under rights conferred by the certificate of sale should be considered as adverse possession under "color and claim of title" within the meaning of that term in our statute, as well as the succeeding five years after receipt of the tax deed and granted judgment quieting title in appellee to the West one-half of Lot 2, Block 33 of the South Addition to Anchorage.
Appellant argues that possession under the certificate of sale cannot be considered as being adverse possession under color and claim of title because the certificate does not purport to convey title to the property; that its legal effect is to give the purchaser a lien which may or may not ripen into legal title depending upon whether the owner exercises his right of redemption before the tax deed is issued.
Appellee contends that since the certificate of sale gave him the right of possession, the right to the rents, issues and profits and the right to an action for unlawful detainer, that he actually acquired equitable title; that only bare legal title remained in the owner and that his possession under these circumstances should be considered as being under color and claim of title.
Section 16-1-128 ACLA 1949,[3] insofar as is pertinent to the question before us stated, with respect to the rights acquired under the certificate of sale:
"That from the date of sale and issuance of certificate of purchase and until redeemed, the holder of such certificate shall be entitled to the possession of the tract sold, together with the rents, issues, and profits thereof, and any person who after ten days' notice and demand of possession thereof by the holder of such certificate of purchase who withholds the possession of such tract, shall be deemed guilty of unlawful detainer."
Section 16-1-130 ACLA 1949[4] in pertinent part stated:
"After the expiration of two years from the date of the sale the holder of the certificate of sale shall be entitled *878 to a deed to the tract described therein and sold on such sale and not redeemed. Such deed shall be issued by the clerk * * * and shall convey the tract therein described to the grantee therein named free and clear from any encumbrances or liens laid on such property prior or subsequent to the sale thereof by the delinquent owner or any person in privity with him, and shall operate to convey the legal and equitable title thereto to the grantee therein named, and such deed shall be prima facie evidence of such title in the courts * * *." [Emphasis ours.]
It is true that the holder of a certificate of sale was entitled to possession of the tract, to the rents, issues and profits thereof and was given a legal action in unlawful detainer to gain possession. But it is also true that two years must have elapsed without redemption by the owner before the certificate holder became entitled to a deed conveying the tract to him. The statute specifically provided that such deed "* * * shall operate to convey the legal and equitable title * * * to the grantee * * * and * * * shall be prima facie evidence of such title in the courts * * *." [Emphasis ours.] In view of the above quoted wording, it can not be held that appellee acquired equitable title to the property under the certificate of sale. He acquired only the right to possession and to the rents, issues and profits. Not until receipt of the tax deed did he acquire legal and equitable title.
The next question then is whether appellee's occupation of the property under the rights that he did acquire under the certificate can be considered as being adverse to the owner and under color and claim of title. The owner had a legal right to redeem the property from the claim of the appellee under the certificate of sale at any time prior to the expiration of two years after issuance of the certificate. Appellee acquired no legal right under the certificate which could serve as a basis for resisting the owner's right to redeem. Appellee testified that he would have willingly surrendered his claim to the property if appellants had redeemed. Therefore, his occupation of the property was not adverse to appellant owner. Nor do we believe that appellee's occupation of the property during this two year period was under color and claim of title. By the wording of the statute he had neither legal nor equitable title. These titles were not acquired by him until December 20, 1955 when he received a tax deed. He did not claim any rights other than those given to him by the certificate. Since the certificate could not and did not purport to give appellee either legal or equitable title, it could not be color of title. Without a colorable title, appellee's occupation could not possibly be under color and claim of title.
Only two states, New Mexico and Tennessee, have definitely held that possession under a certificate of sale is adverse and under color and claim of title and appellee urges that we follow these authorities. In Chambers v. Bessent[5] it was held that the certificate of sale was the equivalent of a deed with provision for defeasance. However, the court was construing a statute which required that the certificate state that the tax collector "* * * has sold and does convey said real estate to said purchaser * * * subject to the right of the former owner to redeem * * *." and the certificate "* * * when so recorded, shall vest in the purchaser, his heirs or assigns, a complete legal title to the real estate described therein subject, however, to redemption * * *."[6] In Winters v. Hainer[7] the court was construing a statute which stated, with respect to certificates of purchase, "The court * * * shall enter said sales of record as valid judgments, vesting title to the property so sold in the purchasers thereof * * *."[8]
*879 In view of the wording of the statutes of New Mexico and Tennessee, the holdings of their courts are not authority for deciding the question before us. We shall follow the majority rule and hold that appellee's possession of the property under his certificate of sale before the issuance of the tax deed was not adverse and under color and claim of title.[9]
Appellants' next point is that Finding of Fact VI should be ordered stricken by this court. This finding is that the tax deed issued to appellee is not erroneous, illegal or void. We agree with appellants and the finding is ordered set aside. As it is now worded it could be construed as having the indirect effect of finding that the proceedings of the tax sale leading up to and including the issuance of the tax deed were not erroneous, illegal or void. This was not an issue in the case. Counsel for appellee repeatedly stated to the court that the validity of the tax sale was not questioned in his pleadings and was not an issue in the case. No evidence was admitted on this point.[10]
However, appellants did contend at pretrial that the tax deed was issued wrongfully. This contention was based on the fact that the deed was dated December 19, 1955, whereas two years from the date of issuance of the certificate of sale would not have elapsed until December 20, 1955. The tax deed was introduced into evidence and the matter was argued briefly by appellant. We shall consider that the legal point raised below and on appeal is that the tax deed was void on its face for having been issued one day before two years had elapsed after the issuance of the certificate of sale which was dated December 19, 1953.
Although the tax deed is dated December 19, 1955, the acknowledgment clearly shows that it was not acknowledged before a notary until December 20, 1955. The authorities cited by appellants in support of their argument involve situations where the tax deed was executed and delivered prior to expiration of the statutory period and are not applicable to the facts of the case before us. We must hold that since the tax deed was not executed and could not have been delivered to appellee until after two years had expired that it was not void on its face.[11]
We have examined the meagre evidence submitted by appellants in support of their counterclaim and conclude that the trial court was correct in finding that they had failed to prove its allegations.
We shall not attempt to pass on the other points mentioned in appellants' brief. Little or no evidence was introduced during the trial that can be related to these points and appellants' briefs do not treat them with any degree of thoroughness.
The case is remanded. The trial court is directed to enter findings of fact, conclusions of law and judgment in accordance with the views expressed herein.
NOTES
[1] The description "West one-half of the South one-half of Block 33" covers the same land as the description "West one-half of Lot 2, Block 33"; the description "East one-half of the South one-half of Block 33" covers the same land as the description "East one-half of Lot 2, Block 33."
[2] Section 58-7-6 ACLA 1949, as amended by SLA 1957, ch. 13, then in effect stated:

"When possession conclusively presumed to give title. The uninterrupted adverse notorious possession of real property under color and claim of title for seven years or more shall be conclusively presumed to give title thereto except as against the United States or the Territory of Alaska."
This statute is now designated as AS 09.25.050.
[3] This section and all other tax foreclosure and sale provisions were repealed by SLA 1957, ch. 174 which enacted new procedures.
[4] See note 3 supra.
[5] 17 N.M. 487, 134 P. 237 (1913).
[6] Laws of New Mexico, c. 22. § 23 (1899).
[7] 107 Tenn. 337, 64 S.W. 44 (1901).
[8] Code of Tennessee, § 749 (1884).
[9] Salt Lake Investment Co. v. Fox, 32 Utah 301, 90 P. 564, 13 L.R.A.,N.S., 627 (1907); Harrell v. Enterprise Savings Bank, 183 Ill. 538, 56 N.E. 63, 67 (1899); McKeighan v. Hopkins, 14 Neb. 361, 15 N.W. 711, 712 (1883); Annot., 38 A.L.R.2d 986, 1087 (1954).
[10] In any case, the finding as now worded is a conclusion of law and not a finding of fact.
[11] Eld v. Ellis, 235 S.W.2d 273 (Mo. 1950).