**Robert P. WELLS and Jane Wells,
Appellants,**

v.

**L. W. NOEY, Appellee.**

**No. 510.**

Supreme Court of Alaska.

Feb. 19, 1965.

Helen L. Simpson, Anchorage, for appellants.

John M. Savage, Clark & Savage, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

In a previous action between the parties hereto Noey sued the Wellses to quiet title to certain real property located in Anchorage, Alaska, based on a claim of adverse

possession. The Wellses denied that Noey had occupied the property adversely for the seven year period required by statute [1] and in a counterclaim alleged that Noey's only claim to ownership was based on an erroneous, illegal and void tax deed to the property. Although the decision was in favor of Noey on his claim of adverse possession the trial court found that the Wellses had failed to prove the allegations of their counterclaim.[2]

In their amended complaint in the present action the Wellses alleged that Noey's tax deed was invalid because of defects in publication of notice of the delinquent tax roll and notice of sale of the properties contained in the delinquent tax roll for 1952–1953; because the assessment was void as the property was misdescribed as well as assessed jointly with property belonging to a third party in the name of the third party.

In an affirmative defense Noey alleged that the property involved was identical to the property which was the subject of the previous action; that the issues raised in the amended complaint were either decided adversely to the Wellses in the previous action or were the proper subject of a compulsory counterclaim and could not be raised again in the present action.

The trial court found that the issue of the validity of Noey's tax deed from the City of Anchorage was a compulsory counterclaim in the original suit between the parties by reason of the requirements of Civil Rule 13(a).[3] Since the claim was not asserted in that action the trial court held that it could not be asserted in the present suit and granted summary judgment to Noey.

On appeal the Wellses contend that the issue of the invalidity of Noey's tax deed was not a compulsory counterclaim for the six reasons stated in italics below and discussed by this court in the paragraphs which follow.

1. *The claim for relief is not the same because the same evidence would not sustain both suits and there is no identity of things sued for.*

The argument in support of this point seems to be that the prayers for relief as to the counterclaim in the previous action and the complaint in this action are not the same.

The prayers for relief cannot be a criterion in determining whether the claims for relief are the same and must not be so confused[4].

It is also argued that all of the matters pleaded by the Wellses in the first action were in the nature of defenses to a claim of adverse possession, whereas the case now before the court is one to remove a cloud on the title to the property, based upon another claim of Noey's which was not litigated in

1. AS 09.25.050.

2. Wells v. Noey, 380 P.2d 876 (Alaska 1963). The trial court found that Noey's possession of the property for a period of two years while claiming color of title based on a certificate of sale was adverse possession within the meaning of the Alaska statute. On appeal the above finding was reversed and Noey was denied relief on his claim. However, the trial court's finding that the Wellses had failed to prove their counterclaim which alleged that Noey's tax deed was erroneous, illegal and void, was affirmed on appeal.

3. Civ.R. 13(a) states:
"*Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction, except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

4. Civ.R. 54(c); see Wilson v. Interior Airways, Inc., 384 P.2d 956, 958–959 (Alaska 1963); Rhodes v. Rhodes, 370 P.2d 902, 904–905 (Alaska 1962); Miller v. Johnson, 370 P.2d 171, 172 (Alaska 1962); Mitchell v. Land, 355 P.2d 682, 687 (Alaska 1960).

the first case, that is, his claim under the tax deed as such.

We are unable to find logic in this argument. Noey's claim of occupancy by adverse possession in the first case was based in part on occupancy under the very same tax deed which is the subject of the present action. In the first action the Wellses alleged in their counterclaim that this tax deed was "erroneous, illegal and void" but failed to produce proof to this effect. In the present action they allege that the tax deed is invalid because of various defects in the procedure leading up to the tax sale.

We agree with the trial court that the issue of the validity of the tax deed was raised in the first suit; that all of the facts and circumstances now sought to be advanced by the Wellses in this suit to prove invalidity of the same tax deed, by reason of defects in the tax sale, were known or should have been known to them during the first trial and that the evidence necessary for proof in both cases would be the same.

*2. The decision on the counterclaim in the first cause was not necessary to the result.*

Argument under this heading seems to be based on the premise that the finding by the trial court in the first case, that Noey had occupied the property adversely to the Wellses for seven years, made any decision on the counterclaim unnecessary to a disposition of the case. We do not agree. If the Wellses had produced proof that Noey's tax deed was "erroneous, illegal and void" as they indicated they would do in the counterclaim, his claim of adverse possession under color and claim of title might thereby have been defeated in the trial court.

*3. The Supreme Court reserved the issue of the validity of the deed in the first action.*

In its opinion in the earlier case, at the request of the Wellses, this court struck a finding of fact from the record which provided that the tax deed issued to Noey was not erroneous, illegal or void, because there had been no evidence submitted by either side with respect to the validity of the tax deed.[5] The Wellses counterclaim and Noey's denial in that case made the validity of the tax deed an issue as of the time the pleadings were closed. This position was maintained by the Wellses in their pre-trial memorandum filed in the case. At the trial, however, the only effort made by the Wellses to prove the allegation appears to have been to invite the trial judge's attention to what appeared to be a defect on the face of the tax deed.[6] In affirming the trial court's finding that the Wellses had failed to prove the counterclaim, it was not the intention of this court to reserve the issue of the validity of the tax deed from any of the effects of a judgment in that case. In stating in our opinion in the previous case that the validity of the tax deed had not been an issue during the trial, it would probably have been more accurate to have stated that the issue had been raised by the pleadings, but was apparently abandoned at the trial, since no evidence was introduced pro or con with respect to the counterclaim.

*4. Res judicata would not bar a subsequent suit.*

Argument in support of this point is based on the premise that a decision on the counterclaim was not necessary to a disposition of the first case and has been discussed earlier in this decision.

*5. There is no logical relationship between the Wellses claim (in the present case) and the counterclaim (in the previous case) within the meaning of the compulsory counterclaim rule.*

It is contended in support of this point that the rule requiring the pleading of a compulsory counterclaim should be applied only to the particular claim pleaded by a plaintiff and that where a plaintiff could have pleaded either of two separate claims

---

5. Wells v. Noey, 380 P.2d 876, 879 (Alaska 1963).

6. Wells v. Noey, supra note 5.

for relief and selected only one, then the defendant's obligation to plead compulsory counterclaims must be judged only in relation to the particular claim pleaded by the plaintiff.

It is argued that the Wellses asserted every claim to title they had in the first case, based upon their warranty deeds to the property and that the invalidity of Noey's tax deed was not a basis for their claim of ownership. We cannot find any logic or reasoning in this argument that would support the proposition advanced.

In our opinion there was a logical relation between the claim and counterclaim in the first case. Noey's claim was based upon seven years of possession adverse to the Wellses. During two of the seven years Noey was claiming under a certificate of sale. The remaining five years were while claiming title under the tax deed under discussion. The quality of each of the instruments was pertinent to the establishment of Noey's claim. Failure of either of the instruments to qualify as a legal basis for exerting a claim under color and claim of title would have defeated the action. Thus, any claim which would defeat Noey's possession under either of the instruments had a logical relation to his claim and should have been pleaded, as was done.

Most of the efforts at the prior trial seemed to have been centered around obtaining a determination of the question of whether Noey's possession for two years under the certificate of sale could qualify under the statute as being under color and claim of title. No effort was made by the Wellses to prove that the tax deed was erroneous, illegal or void. If that question had been litigated there is every reason to believe that the need for the present action would have been obviated.[7]

6. *It* (the counterclaim) *does not arise out of the transaction or occurrence that is the subject matter of the appellee's original claim.*

It is argued that Noey's claim in the first case was based on adverse possession and is entirely separate from the claim concerning the tax deed which is involved in the instant case.

It may very well be that the claims are separate as the Wellses argue, but they are logically related as we have pointed out in the preceding paragraph. Noey's original claim was based on adverse possession. To prove this claim he had to establish the tax deed as being sufficient color to claim title for five of the seven years. The validity of the tax deed is therefore directly and logically related to the subject matter of Noey's claim. For this reason it was a compulsory counterclaim required to be pleaded and proved in the first action in order to be taken advantage of. It cannot now be made the subject of another action.

The judgment below is affirmed.

7. Wilson v. Dyess Farms, 74 F.Supp. 990, 991 (E.D.Ark.1948); MacDonald v. Krause, 77 Nev. 312, 362 P.2d 724, 727– 29 (1961); 1A Barron & Holtzoff, Federal Practice & Procedure § 394, at 571– 84 (Rules ed. 1960).