Leo Albert BRUEGGEMAN, Appellant,

v.

The Honorable Peter J. ASHMAN, District Court Judge, and the District Court for the State of Alaska, Third Judicial District, Appellees.

William Francis Attwood, Appellant,

v.

The Honorable Peter J. Ashman, District Court Judge, and the District Court for the State of Alaska, Third Judicial District, Appellees.

Nos. S–8388, S–8477.

Supreme Court of Alaska.

Jan. 29, 1999.

Leo Albert Brueggeman, pro se, Big Lake.

William Francis Attwood, pro se, Wasilla.

William F. Morse, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellees.

Before MATTHEWS, Chief Justice, and EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

PER CURIAM.

### I. INTRODUCTION

Criminal defendants cannot assert collaterally, by petition for writ of prohibition, jurisdictional and venue defenses that they can assert directly in pending criminal cases.

### II. FACTS AND PROCEEDINGS

Leo Albert Brueggeman and William Francis Attwood were each cited for moving violations and ordered to appear in district court. They each filed in the superior court a petition for writ of prohibition objecting to venue and jurisdiction, and asserted that a district court of the State of Alaska could not try them for driving with canceled licenses.

The superior court dismissed their petitions following motion practice. Brueggeman and Attwood appeal.

### III. DISCUSSION

We review de novo an order dismissing a complaint for failure to state a claim.[1]

A writ of prohibition will be granted only "sparingly and only where there is no adequate remedy by appeal." [2]

1. See *Kollodge v. State,* 757 P.2d 1024, 1026 n. 4 (Alaska 1988).

2. *Davis v. O'Keefe,* 283 N.W.2d 73 76 (N.D.1979). See also *Yohn v. Love,* 76 F.3d 508, 521 (3d Cir.1996) ("A petitioner must show that (1) there is no adequate remedy at law which would afford relief, and (2) there is an extreme necessity for the relief requested to secure order and regularity in judicial proceedings." (citation omitted)).

In the course of the criminal proceedings against them, Brueggeman and Attwood were or will be able to raise the same jurisdiction and venue issues which their petitions attempted to raise. Participation in the criminal proceedings does not waive those defenses.[3] In the event of conviction, they will be able to raise those defenses on appeal.[4] Therefore they have adequate appellate remedies in the criminal proceedings, and, accordingly, the superior court did not err in dismissing their petitions.

Brueggeman and Attwood also argue that in denying their respective petitions the superior court improperly considered matters outside the pleadings. There is no indication that the superior court did so. But in any event we can affirm on the ground that there was no legal merit to their petitions for writ of prohibition, given their opportunity to raise these issues in the context of their criminal prosecutions.[5]

## IV. CONCLUSION

We AFFIRM.

CARPENETI, Justice, not participating.

---

**3.** *See Anderson v. State, Dep't of Highways,* 584 P.2d 537, 539 (Alaska 1978).

**4.** *See* 1 Charles Alan Wright, *Federal Practice and Procedure* § 193, at 692–94 (2d ed. 1982) ("The objection is timely though first raised in a motion

for new trial, a motion for arrest of judgment, on appeal, or by collateral attack." (citations omitted)).

**5.** *See Andrews v. Wade & De Young, Inc.,* 875 P.2d 89, 90 (Alaska 1994).